(B 1 (Official Form 1) (1/08)

# United States Bankruptcy Court
## District of Delaware

**Voluntary Petition**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**CHICAGO NATIONAL LEAGUE BALL CLUB, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): See Attachment 1 | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):<br>**26-1700347** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**1060 West Addison Street**<br>**Chicago, IL** ZIP CODE **60613** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**435 North Michigan Avenue**<br>**Chicago, IL** ZIP CODE **60611** | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | ZIP CODE |

**Type of Debtor** (Form of Organization) (Check one box.)
- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

**Tax-Exempt Entity** (Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose
- ☒ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptance of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over-100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): CHICAGO NATIONAL LEAGUE BALL CLUB, LLC |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than one, attach additional sheet) |||
|---|---|---|
| Location Where Filed:<br>**None** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor:<br>**See Attachment 2** | Case Number: | Date Filed: |
| District:<br>**District of Delaware** | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br>I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)     Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No **See Attachment 3**

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certificates that he/she has served the Landlord with this certification (11 U.S.C. § 362(l)).

| B 1 (Official Form 1) (1/08) | | Page 3 |

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): CHICAGO NATIONAL LEAGUE BALL CLUB, LLC |
|---|---|

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>X _____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X /s/ *(signature)*<br>Signature of Attorney for Debtor(s)<br><br>Kenneth P. Kansa     Norman L. Pernick (2290)<br>Printed Name of Attorney for Debtor(s)<br><br>Sidley Austin LLP     Cole, Schotz, Meisel, Forman & Leonard, P.A.<br>Firm Name<br><br>One South Dearborn St.     500 Delaware Ave., Ste 1410<br>Chicago, IL 60603     Wilmington, DE 19801<br>Address<br><br>312-853-7000     302-652-3131<br>Telephone Number<br><br>October 12, 2009<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that Section. Official Form 19B is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br><br>_____<br>Date |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X /s/ *(signature)*<br>Signature of Authorized Individual<br><br>Chandler Bigelow III<br>Printed Name of Authorized Individual<br><br>Assistant Treasurer<br>Title of Authorized Individual<br><br>October 12, 2009<br>Date | Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |

# ATTACHMENT 1 TO VOLUNTARY PETITION

All other names used by the Debtor in the last 8 years:

**Prior legal name:**

Chicago National League Ball Club, Inc.

**Trade names and names used in business:**

Chicago Cubs

# ATTACHMENT 2 TO VOLUNTARY PETITION

Pending Bankruptcy Cases Filed by Affiliates of the Debtor:

On December 8, 2008, Tribune Company and 110 of its subsidiaries filed petitions in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), which cases are jointly administered under the case caption In re Tribune Company, et al., Case No. 08-13141 (KJC). Tribune Company is the direct parent corporation of the Debtor.

Contemporaneously with the filing of its voluntary petition, the Debtor filed a motion requesting that the Court consolidate this chapter 11 case with that of Tribune Company and its affiliates for administrative purposes only.

## ATTACHMENT 3 TO VOLUNTARY PETITION

All real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety:

        The Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CHICAGO NATIONAL LEAGUE BALL CLUB, LLC, | Case No. 09-_____ |
| Debtor. | |

## LIST OF CREDITORS HOLDING THE
## TWENTY LARGEST UNSECURED CLAIMS AGAINST THE DEBTOR

The following is the list of creditors holding the twenty (20) largest unsecured claims against above captioned debtor and debtor in possession (the "Debtor") (the "List of Creditors"). The List of Creditors reflects estimated amounts owed by the Debtor as of the Petition Date.[1]

The List of Creditors has been prepared from the books and records of the Debtor as of October 12, 2009. The Debtor takes no position at this time regarding whether any of the parties included in the List of Creditors are "insiders" of the Debtor, as that term is defined in section 101(31) of title 11 of the United States Code (the "Bankruptcy Code"), and the inclusion or exclusion of any party to this List of Creditors shall not constitute an admission by, nor shall it be binding on, the Debtor in any respect. The Debtor expressly reserves the right to, in its sole discretion, challenge the validity, priority and/or amount of any obligation reflected herein.

---

[1] Substantially all unsecured obligations of the Debtor, with the exception of the unsecured guarantees by the Debtor of Tribune Company's senior loan and bridge loan claims, are anticipated to be assumed by Chicago Baseball Holdings, LLC pursuant to that certain Formation Agreement filed by Tribune Company in its chapter 11 case on August 24, 2009 [D.I. 2004]. The Debtor has certain obligations to various player personnel that have not been listed in the list of creditors holding the twenty (20) largest unsecured claims because (i) those obligations are to be assumed by Chicago Baseball Holdings, LLC under the Formation Agreement and (ii) such information is commercially sensitive to the Debtor.

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number, and fax number of employee, agent or department of creditor familiar with claim | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| 1. JP Morgan Chase Bank, NA as Agent 1111 Fannin, 10th Floor Houston, Texas 77002 | Shadia Aminu T: 713-750-7933 F: 713-750-2358 | Tribune Company Senior Lender Guarantee Claim | Contingent | $8,571,040,000 |
| 2. Merrill Lynch Capital Corporation, as Agent Loan Operations 600 E. Las Colinas Blvd. Suite 1300 Irving, TX 75039 | Sharon Hawkins T: 972-401-8572 F: 972-869-4818 | Tribune Company Bridge Lender Guarantee Claim | Contingent | $1,600,000,000 |
| 3. Major League Baseball 245 Park Avenue New York, New York 10167 | Jonathan Mariner EVP & CFO, Finance T: 212-931-7800 F: 212-931-7791 | 2009 Revenue Sharing Commitment | Unliquidated | Undetermined |
| 4. Chicago Cubs Charities 1060 W. Addison Chicago, IL 60613 | Mike Lufrano Vice President T: 773-404-4036 F: 773-404-4111 | Trade Payable | | $1,165,569.11 |
| 5. Luis Vizcaino[2] | | Trade Payable | | $500,000.00 |
| 6. Cubs Care 1060 W. Addison Chicago, IL 60613 | Catherine Brown Program Director T: 312-445-5025 F: 312-445-5125 | Trade Payable | | $416,662.89 |
| 7. Chicago Transit Authority PO Box 7565 Chicago, IL 60680-7565 | Pat Taylor Vice President T: 312-681-3900 F: 312-296-5133 | Trade Payable | | $79,072.00 |
| 8. Ernie Banks International Inc.[2] | | Trade Payable | | $63,969.62 |
| 9. The Langham Huntington Pasadena 1401 South Oak Knoll Avenue Pasadena, CA 91352 | Bernie Ungrue General Accountant T: 626-568-3900 F: 626-568-3700 | Trade Payable | | $52,042.85 |
| 10. Jose Serra[2] | | Trade Payable | | $47,159.73 |
| 11. Profinancial Services Inc. 1405 American Lane, No. 1650 Schaumburg, IL 60173 | Brian Seanor Insurance Broker F: 412-471-3304 | Trade Payable | | $39,828.00 |

---

[2] Contact information is available upon request to counsel to the Debtors.

| | | | | |
|---|---|---|---|---|
| 12. Westin Diplomat Resort & Spa<br>3555 S. Ocean Drive<br>Hollywood, FL 33019 | Niara Laskibar<br>Credit Manager<br>T: 954-602-6000<br>F: 954-602-8264 | Trade Payable | | $34,850.51 |
| 13. BD&A<br>Dept. No. 119<br>PO Box 34935<br>Seattle, WA 98124-1935 | Kerrie Ingham<br>National Accounts<br>Manager Sports<br>Marketing<br>T: 425-492-6111<br>F: 425-492-7222 | Trade Payable | | $29,218.75 |
| 14. Complejo Latinoamericana Baseball<br>Autopista Las Americas<br>KM26 Boca Chica, Venezuela | Milciades Noboa<br>President<br>T: 809-696-4608 | Trade Payable | | $28,000.00 |
| 15. Northwestern Memorial Hospital<br>PO Box 73690<br>Chicago, IL 60673-7690 | Merari Santiago<br>Senior Financial<br>Assessor<br>T: 312-926-6415<br>F: 312-694-8325 | Trade Payable | | $26,939.01 |
| 16. Boise Hawks Baseball Club LLC<br>5600 Glenwood<br>Boise, ID 83714 | Todd Rahr<br>President/General<br>Manager<br>T: 208-322-5000<br>F: 208-322-6846 | Trade Payable | | $25,633.00 |
| 17. Daytona Cubs<br>105 E. Orange Avenue<br>Daytona Beach, Florida 32114 | Brady Ballard<br>General Manager<br>T: 286-257-3172<br>F: 286-257-3382 | Trade Payable | | $19,175.24 |
| 18. Structural Shop Ltd.<br>9601 River Street<br>Schiller Park, IL 60176 | Ken Veach<br>Principal<br>T: 847-349-1099<br>F: 847.349.1098 | Trade Payable | | $16,296.91 |
| 19. Hampton Inn and Suites<br>33 W. Illinois Street<br>Chicago, IL 60610 | Zach Tharp Director<br>of Sales/Marketing<br>T: 312-832-0330<br>F: 312-832-0333 | Trade Payable | | $9,629.20 |
| 20. Bunzl<br>5772 Collection Center Drive<br>Chicago, IL 60693 | Barbara Pawlick<br>Account Specialist<br>T: 630-303-8616<br>F: 630.743.2328 | Trade Payable | | $7,916.07 |

# DECLARATION REGARDING CREDITORS
# HOLDING THE TWENTY LARGEST UNSECURED CLAIMS

I, Chandler Bigelow III, am an authorized officer of Chicago National League Ball Club, LLC, (the "Debtor"), and in such capacity am familiar with the financial affairs of the Debtor. I declare under penalty of perjury that I have read and reviewed the foregoing List of Creditors Holding the Twenty (20) Largest Unsecured Claims Against the Debtor and that the information included therein is true and correct to the best of my knowledge, information and belief.

Dated: October 12, 2009

_____
Chandler Bigelow III
Assistant Treasurer

CHICAGO NATIONAL LEAGUE BALL CLUB, LLC

# LIST OF EQUITY SECURITY HOLDERS OF
## CHICAGO NATIONAL LEAGUE BALL CLUB, LLC

In accordance with Rules 1007(a)(1) and 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the Debtor submits the following information:

| NAME AND ADDRESS OF EQUITY HOLDERS | INTEREST |
|---|---|
| Tribune Company<br>435 North Michigan Ave.<br>Chicago, IL 60611 | 100% |

# DECLARATION REGARDING
# LIST OF EQUITY SECURITY HOLDERS OF
# CHICAGO NATIONAL LEAGUE BALL CLUB, LLC

I, Chandler Bigelow III, am an authorized officer of Chicago National League Ball Club, LLC, the debtor in this case (the "Debtor"), and in such capacity am familiar with the financial affairs of the Debtor. I declare under penalty of perjury that the foregoing List of Equity Security Holders of the Debtor is true and correct to the best of my knowledge, information, and belief.

Dated: October 12, 2009

_____
Chandler Bigelow III
Assistant Treasurer

# CHICAGO NATIONAL LEAGUE BALL CLUB, LLC

## WRITTEN CONSENT OF THE BOARD OF MANAGERS
## IN LIEU OF A MEETING

The undersigned, being all of the members the Board of Managers (the "Board") of Chicago National League Ball Club, LLC, a Delaware limited liability company (the "Company"), acting by written consent in lieu of a meeting pursuant to Section 5.6 of the Company's Limited Liability Company Agreement and Section 18-302(d) of the Delaware Limited Liability Company Act, as amended, hereby waive all notice of the time, place, and purpose of a meeting and consent to, approve, and adopt the following resolution and take the following actions:

WHEREAS, Tribune Company and certain of its direct or indirect subsidiaries; namely, the Company, Wrigley Field Premium Ticket Services, LLC, a Delaware limited liability company ("Premium Tickets LLC"), Diana-Quentin, LLC, a Delaware limited liability company ("DQ LLC"), Chicago Cubs Dominican Baseball Operations, LLC, a Delaware limited liability company ("Dominican LLC"), and Tribune Sports Network Holdings, LLC, a Delaware limited liability company ("Tribune Sports" and, together with the Company, Premium Tickets LLC, DQ LLC and Dominican LLC, the "Cubs Entities," and the Cubs Entities together with Tribune, collectively, the "Tribune Parties") have entered into that certain Formation Agreement and related Ancillary Agreements, pursuant to which, subject to certain exclusions, (i) all assets of the Cubs Entities and certain other Tribune subsidiaries that are primarily used in or held for use in connection with the Chicago Cubs Major League Baseball franchise (collectively, the "Cubs Business") are to be contributed to Chicago Baseball Holdings, LLC, a Delaware limited liability company ("Newco"), which Tribune and the Cubs Entities will collectively hold a 5% membership interest and Ricketts Acquisition LLC ("Ricketts") will hold a 95% membership interest; (ii) Newco is to assume substantially all of the liabilities related to the Cubs Business; and (iii) Cubs Entities are to receive a cash distribution (collectively, the "Contribution Transactions"); and

WHEREAS, in order to carry out or otherwise effectuate the purposes of the Contribution Transactions, the Board has determined that it is desirable and in the best interests of the Company, its creditors, member, employees, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

NOW, THEREFORE, BE IT RESOLVED, that any individual duly appointed by the Board as the Chief Executive Officer, Interim Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, President, Interim President, Executive Vice President, Senior Vice President, Vice President, General Counsel, Secretary, Assistant Secretary, Treasurer or Assistant Treasurer (each, an "Authorized Officer" and together, the "Authorized Officers") are, and each of them is, hereby authorized and empowered on behalf of, and in the name of, the Company to execute and verify or certify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at such time as said Authorized Officer executing the same shall determine and in such form or forms as such Authorized Officer may approve;

RESOLVED, that the law firm of Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603, be, and hereby is, retained and employed as attorneys for the Company in connection with the prosecution of the Company's case under chapter 11 of the Bankruptcy Code;

RESOLVED, that the law firm of Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware, 19801, be, and hereby is, retained and employed as Delaware attorneys for the Company in connection with the prosecution of the Company's case under chapter 11 of the Bankruptcy Code;

RESOLVED, that the financial advisory firm of Alvarez & Marsal North America LLC, 55 West Monroe Street, Suite 4000, Chicago, Illinois 60603, be and hereby is, retained and employed as financial consultants for the Company in connection with the prosecution of the Company's case under chapter 11 of the Bankruptcy Code;

RESOLVED, that Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017, be and hereby is, retained and employed as claims, noticing, and balloting agents for the Company in connection with the prosecution of the Company's case under chapter 11 of the Bankruptcy Code;

RESOLVED, that the law firm of McDermott Will & Emery LLP, 227 West Monroe Street, Chicago, Illinois 60606 and 600 13th Street, N.W., Washington, DC 20005 be, and hereby is, retained and employed as special counsel for the Company in connection with the Contribution Transactions;

RESOLVED, that the financial advisory firm of J.P. Morgan Securities Inc., 383 Madison Avenue, New York, New York 10017, be and hereby is, retained and employed as financial and asset management consultants for the Company in connection with the Contribution Transactions, pursuant to the terms of the engagement letter dated July 9, 2007 between J.P. Morgan Securities Inc. and Tribune Company, as amended and assigned to Chicago National League Ball Club, LLC by letter agreement dated February 2, 2009;

RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized to execute and file any and all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to take any and all further actions which the Authorized Officers or the Company's legal counsel may deem necessary or appropriate to file the voluntary petition for relief under chapter 11 of the Bankruptcy Code, and to take and perform any and all further acts and deeds which they deem necessary, proper or desirable in connection with the chapter 11 case, with a view to the successful prosecution of such case including, without limitation, seeking authority to guarantee or borrow, and borrowing, amounts under any post-petition financing facility for itself or its affiliates, and granting liens, guarantees, pledges, mortgages and/or other security therefor and filing financing statements, mortgages, intellectual property security agreements and other documents related thereto;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized to employ and retain legal counsel, financial advisors, accountants and other professionals, to advise the Company in connection with its case under chapter 11 of the Bankruptcy Code;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed on behalf of the Company to take such actions to make, sign, execute, acknowledge and deliver (and record in the relevant office of the secretary of state or the county clerk, if necessary) any and all such agreements listed above (including exhibits thereto), including any and all affidavits, orders, directions, certificates, requests, receipts, financing statements, or other instruments as may reasonably be required to give effect to these Resolutions, and to execute and deliver such agreements (including exhibits thereto) and related documents, and to fully perform the terms and provisions thereof;

RESOLVED, that the Authorized Officers, be, and each of them hereby is, authorized on behalf of, and in the name of, the Company to execute any and all plans of reorganization under chapter 11 of the Bankruptcy Code, including any and all modifications, supplements, and amendments thereto, and to cause the same to be filed in the Bankruptcy Court at such time as said Authorized Officer executing the same shall determine;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed on behalf of the Company to take such actions and to make, sign, execute, acknowledge and deliver all such additional documents, agreements and certificates as may be reasonably required to give effect to the consummation of the transactions contemplated by these Resolutions and any chapter 11 plan of reorganization, and to execute and deliver such documents, agreements and certificates, and to fully perform the terms and provisions thereof; and

RESOLVED, that to the extent that any of the actions authorized by any of these Resolutions have been taken by the Authorized Officers of the Company on its behalf, such actions are hereby ratified and confirmed in their entirety.

[Remainder of Page Intentionally Left Blank]

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the 9th day of October 2009.

_____    _____
Crane H. Kenney                                    Gerald A. Spector

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the 9th day of October 2009.

_____  
Crane H. Kenney

_____  
Gerald A. Spector